IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CROWN ASSET MANAGEMENT, LLC,

       Plaintiff,

v.                                   Case No. 26-4003-JWB

JACOB MALDONADO,

       Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to remand.  (Doc. 14.)  The motion is fully briefed and ripe for decision.  (Docs. 17, 18.)  The motion is GRANTED for the reasons stated herein.  The Clerk is instructed to remand this action to the District Court of Coffey County, Kansas.  Accordingly, all outstanding motions (Docs. 6, 7, 8, 9) are DENIED AS MOOT.

## I.  Facts and Procedural History

Crown Asset Management, LLC ("Plaintiff") originally filed this action on April 7, 2025, in state court in Coffey County, Kansas, against Jacob Maldonado ("Defendant").  (Doc. 1-5 at 1.)  Plaintiff asserted one cause of action under Kansas law involving a debt collection of approximately $20,666.75.  (*Id.* at 1, 14.)  On April 5, 2025, Defendant was served with the summons and complaint.  (*Id*. at 6.)  The case has been actively litigated in state court since its filing and had a trial date set for January 12, 2026.  *See Crown Asset Management, LLC v. Maldonado*, CF-2025-LM-000110.  However, just prior to trial, on January 7, 2026, Defendant removed the case to federal court.  (Doc. 1.)  Defendant claims this court has jurisdiction "on the

grounds of Federal Question." (*Id*. at 11.)[1]  On February 6, 2026, Plaintiff filed the instant motion to remand.  (Doc. 14.)

## II.    Standard

Remand.  Under 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction.  *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).  "Doubtful cases must be resolved in favor of remand."  *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999).  Yet, before a court undertakes an analysis of subject matter jurisdiction it must assess whether the removing party has met its burden to show that removal is proper.  *Christensen v. BNSF Railway Co.*, 242 F.Supp.3d 1186, 1189 (D. Kan. 2017) (citing *Baby C v. Price*, 138 Fed.Appx. 81, 83 (10th Cir. 2005)).  Removal is only proper if the removing party has complied with certain procedures, i.e., timeliness.  28 U.S.C. § 1446(b)(2)(A).  If a court determines removal was improper, and a motion to remand is timely filed, then remand is appropriate.  *See Bointy v. Allstate Vehicle and Prop. Insur. Co.*, 2022 WL 22805186 at *1 (W.D. Okla. Nov. 28, 2022).

Pro Se.  Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Further, pro se litigants must follow the same rules of procedure that govern represented litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.    Analysis

Plaintiff seeks remand, asserting that removal was untimely under 28 U.S.C. § 1446(b)(1). On April 5, 2025, Plaintiff served the state court petition on Defendant.  (Doc. 1-5 at 6–7.)  On

---

[1] Defendant appears to have waived his assertion that this court has diversity jurisdiction in his response to the underlying motion.  (Doc. 17 at 5 ("Defendant does not rely on diversity jurisdiction.")).

June 20, 2025, Defendant filed an answer in the state court proceeding. (*Id*. at 8–12.) And over six months later, Defendant filed his notice of removal on January 7, 2026. (Doc. 1.) This was well outside the thirty-day period mandated under Section 1446(b)(1). While Defendant responded, his argument is that he brought his counterclaim within the applicable statute of limitations and does not acknowledge the removal statute. (Doc. 17 at 4–5.) In sum, Defendant's removal is improper because he failed to remove within thirty days. 28 U.S.C. § 1446(b)(1) mandates that a "notice of removal of a civil action or proceeding [ ] be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Nevertheless, the court will briefly address Defendant's justification for removal, which ultimately fails. Defendant's removal petition and response to the underlying motion reflects that he believes federal jurisdiction is proper because he has asserted a counterclaim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the "FDCPA"). (Doc. 1.) Defendant argues this federal counterclaim allows him to invoke the federal court's jurisdiction. (*Id*. at 5.) First, a case may not be removed to federal court solely because of a counterclaim, even if that counterclaim arises under federal law. *See Topeka Housing Authority v. Johnson*, 404 F.3d 1245 (10th Cir. 2005); *see also* 28 U.S.C. § 1441(a). Thus, Defendant asserting a counterclaim under the FDCPA does not justify removal.

Finally, Plaintiff seeks an award of $1,500 in attorney fees based on Plaintiff having to file this motion, alleging that Defendant intentionally sought to increase Plaintiff's litigation expenses because Defendant realized his state court proceedings were going poorly. (Doc. 14 at 5–6.) In response, Defendant argues that removal was proper. (Doc. 17 at 6–7.) A district court may award attorney's fees to the non-removing party when the case is remanded. Under 28 U.S.C. § 1447(c),

"[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In addressing this issue, the court is especially mindful of Defendant's pro se status.  In general, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  That said, courts have often concluded that attorney fees pursuant to § 1447(c) may not be warranted when the party who removed the case proceeded pro se. *See*, *e.g.*, *Citi Prop. Holdings, Inc. v. Labranche*, 2011 WL 1980016, at *2 (E.D. La. May 20, 2011); *Boutrup v. Washburn*, 2009 WL 4573299, at *2 (E.D. Cal. Nov. 24, 2009); *Bleiberg v. Altvater*, 2002 WL 1339097, at *2 (S.D.N.Y. June 19, 2002).  Most notably, because Defendant is pro se and based on the record before this court it appears that he may have mistakenly believed that his counterclaim provided a basis for removal, the court declines to award fees.  Accordingly, Plaintiff's request for attorney fees is denied.

## IV.    Conclusion

THEREFORE, Plaintiff's motion to remand (Doc. 14) is GRANTED.  Accordingly, the Clerk is instructed to remand this action to the District Court of Coffey County, Kansas.  All outstanding motions (Docs. 6, 7, 8, 9) are DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 6th day of March, 2026.

 s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE